UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT MARZULLO,          :
     Plaintiff,           :
                                :
v.                             :      No. 3:14cv46 (DJS)
                                :
WILLIAM ONOFRIO, ET AL.,   :
     Defendants.         :

MEMORANDUM OF DECISION

The plaintiff, Robert Marzullo ("Marzullo"), brings this action pursuant to 42 U.S.C. §

1983 and Connecticut common law against William Onofrio ("Onofrio") and Michael Doherty

("Doherty"), who, at all times pertinent to this action, were members of the Hamden Police

Department.  The Complaint raises claims of battery, false imprisonment, unlawful seizure, and

excessive force against these two defendants. The Complaint also includes claims of supervisory

liability[1] against the Town of Hamden ("the Town") and the Hamden Chief of Police, Thomas

Wydra ("Wydra"). The defendants have moved for summary judgment as to all claims against

them. For the reasons stated below, the defendants' motion for summary judgment (doc. # 24) is

granted in part and denied in part.

## I.  FACTS

The Rules of the United States District Court for the District of Connecticut contain

specific requirements pertaining to papers filed in support of, and in opposition to, a motion for

---

[1]The Sixth Count of the Complaint is captioned, "Supervisory Liability," and is brought
against Wydra in his individual capacity only. (Doc. # 1, at 7). Because the Town is also included
in the Sixth Count, however, it would appear that Marzullo is also including a municipal liability
claim in that count. Although there are differences between the liability of a supervisor and
municipal liability under § 1983, e.g., a municipality may be liable only when the violation can
be attributed to a municipal policy or practice, whereas supervisory liability does not depend on a
municipal policy or practice, these differences do not affect the Court's ruling on this motion.

summary judgment. The moving party must file a "'Local Rule 56(a)1 Statement,' which sets forth in separately numbered paragraphs . . . a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." L. Civ. R. 56(a)1. In turn, a party opposing a motion for summary judgment must file a "'Local Rule 56(a)2 Statement,' which states in separately numbered paragraphs . . . corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied." L. Civ. R. 56(a)2. Each material fact included in a moving party's Local Rule 56(a)1 Statement and each denial of a fact included in an opponent's Local Rule 56(a)2 Statement "must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. . . . The 'specific citation' obligation of this Local Rule requires counsel and pro se parties to cite to specific paragraphs when citing affidavits . . . and to cite to specific pages when citing to deposition or other transcripts or to documents longer than a single page in length." L. Civ. R. 56(a)3.

Neither party filed a Local Rule 56 Statement in compliance with the provisions quoted above. The defendants' Local Rule 56(a)1 Statement contains three paragraphs that in essence state legal conclusions, e.g., "[t]he involved officers had adequate grounds and just cause to control and restrain Mr. Robert Marzullo. As such, the control and restraint was not a false imprisonment or unlawful seizure." (Doc. # 24-2, at 2, ¶ 2). Additionally, that Statement cites to the deposition testimony of a number of witnesses without citing to specific pages. The plaintiff's Local Rule 56(a)2 Statement denies each of the three paragraphs contained in the defendants' Statement, but those denials are not "followed by a specific citation to . . . evidence that would be

admissible at trial . . . ." L. Civ. R. 56 (a)3. The Court will proceed to recite the facts based on the record as it stands, keeping in mind that, for purposes of ruling on a motion for summary judgment, the non-moving party Marzullo "will have [his] allegations taken as true, and will receive the benefit of the doubt when [his] assertions conflict with those of the movant." *Dawson v. County of Westchester*, 373 F.3d 265, 272 (2d Cir.  2004) (internal quotation marks omitted).

On January 18, 2012, at approximately 3:00 p.m., Marzullo was operating his motor vehicle on Pinerock Avenue in Hamden, Connecticut. His sister, Susan Marzullo ("Susan"), was a passenger in the front seat of the vehicle. Marzullo began to suffer an epileptic seizure at that time and his vehicle crashed into a low stone wall and garage at 442 Pinerock Avenue.

Shortly after the accident, Onofrio and Doherty, as well as paramedics, arrived at the scene and asked Susan questions about the accident. She responded that she was not hurt, but that her brother was hurt and that he was having an epileptic seizure. Onofrio and Doherty demanded that Marzullo produce his driver's license, but he was slumped over the steering wheel, unresponsive. Susan located Marzullo's wallet, removed his driver's license, and provided it to the officers.

After Susan provided them with Marzullo's driver's license, one or both of the officers ordered Marzullo to get out of his vehicle, stating "I'm going to give you to the count of blank[2] to get out of the car." (Doc. # 31-1, at 10, p. 52:7-8). At that time Mazullo remained slumped over the steering wheel, unresponsive. At her deposition, Susan Marzullo testified that he was "[o]ut of it" at this point. (*Id.* at 10, p. 52:17-21). Onofrio then got into the back seat of the vehicle

---

[2]Susan Marzullo didn't remember "the exact number" specified by Onofrio and Doherty. (Doc. # 31-1, at 11, p. 53:5).

directly behind Marzullo and shot him in the neck with a Taser. Marzullo groaned and screamed out in pain. Marzullo then bit Doherty on his arm and Onofrio shot Marzullo a second time with a Taser. Marzullo then reached for his car keys, which were still in the ignition. During this period, Marzullo struggled with Onofrio and Doherty and, as they were attempting to physically remove him from his vehicle, the officers threatened to arrest him. Susan advised the officers that Marzullo was an epileptic and one of them responded, "I know it." (*Id.* at 23, p. 79:13-16).

After Marzullo was removed from inside his vehicle, he was placed in an ambulance. Susan Marzullo testified at her deposition that during this entire period Marzullo continued to be "in a grand mal state." (*Id.* at 22, p. 78:7). After his seizure had ended, Marzullo informed Susan that he had no recollection of the accident or anything else that occurred during the time he was having a seizure.

## II.  SUMMARY JUDGMENT STANDARD

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is appropriate if, after discovery, the nonmoving party "has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute."  *American  International Group, Inc. v. London American International Corp.*, 664 F.2d 348, 351 (2d Cir.1981) (internal quotation marks omitted).

A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute concerning a material fact

-4-

is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the nonmoving party "must present specific evidence demonstrating a genuine dispute." *Gannon v. UPS*, 529 F. App'x 102, 103 (2d Cir. 2013).

The Court must view all inferences and ambiguities in a light most favorable to the nonmoving party. *See Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.1991). "The function of the district court in considering the motion for summary judgment is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists. . . . Summary judgment is inappropriate when the admissible materials in the record make it arguable that the claim has merit, for the court in considering such a motion must disregard all evidence favorable to the moving party that the jury is not required to believe." *Rogoz v. City of Hartford*, 796 F.3d 236, 245-46 (2d Cir. 2015) (internal quotation marks and citations omitted).

### III.  DISCUSSION

A. Claims Against Onofrio and Doherty

The first five counts of the Complaint raise the following claims against the individual police officer defendants Onofrio and Doherty: battery, false imprisonment, unlawful seizure, and excessive force. The defendants move for summary judgment as to all of these claims, arguing that "the physical control and grappling force used by Officers Michael Doherty and William Onofrio, and the TASER force used by Officer William Onofrio during their interaction

with Mr. Robert Marzullo, was reasonable, necessary, appropriate as well as consistent with contemporary police training, policy, and practice." (Doc. # 24-1, at 12). In support of that argument, the defendants rely on testimony from certain of the witnesses to the incident that is the subject of the Complaint, including the deposition testimony of Onofrio and Dohery, and  the affidavit and report submitted by the defendants' expert witness. Marzullo opposes the motion as to the claims against Onofrio and Doherty, arguing that there is a genuine dispute as to whether or not the individual police officer defendants used excessive force against him.

In considering the defendants' argument concerning the individual police officer defendants, it bears repeating that for purposes of ruling on a motion for summary judgment, the district court "may not make credibility determinations or weigh the evidence . . . . Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Rogoz*, 796 F.3d at 245 (internal quotation marks omitted). The argument that the officers' actions were reasonable, necessary, and appropriate is derived from a version of the facts reflected in the evidence filed by the defendants. It is clear that the opinions provided by the defendants' expert witness were likewise based on the expert's assessment of the evidence: "[I]n order for a police practices expert to offer opinions in such cases, certain assumptions must be made and or opinions reached based on the preponderance of evidence provided . . . ." (Doc. # 24-3, at 21).

"Summary judgment is inappropriate when the admissible materials in the record make it arguable that the claim has merit." *Rogoz*, 796 F.3d at 246 (internal quotation marks omitted). Marzullo has produced "admissible material[] in the record," i.e., the deposition testimony of Susan Marzullo, who was in the vehicle with him at the time of the events in question, which

directly contradicts the version of the facts presented by the defendants. Susan testified that Marzullo was slumped over the steering wheel, and was unresponsive, at the time the officers ordered him out of the vehicle, threatened him with arrest, and shot him in the neck with a Taser.

Because the defendants' argument that the actions of the defendant police officers were reasonable is based on a version of the facts that is genuinely in dispute, and because the Court "cannot grant summary judgment based on its assessment of the credibility of the evidence presented," *id.*, the defendants are not entitled to summary judgment on the basis of that argument. Since the defendants rely on that same argument for all of the claims against the individual police officers, the defendants have failed to show that "there is no genuine dispute as to any material fact" as to all of the claims against Onofrio and Doherty. Fed. R. Civ. P. 56 (a).

The defendants also contend that the individual police officer defendants are entitled to summary judgment on the basis of qualified immunity. "The defense of qualified immunity shields government officials performing discretionary functions 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Kerman v. City of New York*, 374 F.3d 93, 108 (2d Cir. 2004) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "A right is sufficiently clearly established if 'it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Id.* (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)).

The defendants' qualified immunity argument fails for the same reasons that their "reasonable, necessary, appropriate" force argument fails. "[T]he parties' versions of the facts differ markedly and summary judgment on qualified immunity grounds is not appropriate when there are facts in dispute that are material to a determination of reasonableness." *Kerman v. City*

*of New York*, 261 F.3d 229, 240 (2d Cir. 2001) (internal quotation marks omitted). The defendants have not argued, nor could they legitimately argue, that it would be reasonable for a police officer to use force against an individual, including shooting that individual in the neck with a Taser, under the circumstances testified to by Susan Marzullo.

The defendants cite to *MacLeod v. Town of Brattleboro*, 548 F. App'x 6 (2d Cir. 2013) as support for their contention that the individual police officer defendants did not violate any clearly established rights of Marzullo. In *MacLeod*, the plaintiff sued a police officer who had shot him with a Taser. In that case, "the undisputed facts demonstrate that after suddenly speeding away from an investigating officer on slick, dark roads at a rate of speed higher than the speed limit to evade arrest, [the plaintiff] entered into a deserted . . . parking lot, exited the vehicle, kneeled on the ground, and then - - contravening clear, repeated instructions that he acknowledges he understood - - rose to his feet, turned to face the officers with his hands free and outstretched, and refused to return to the ground [immediately prior to being shot with a Taser]." *Id.* at 8 (internal quotation marks and citation omitted). The court concluded that it was reasonable under those circumstances for the defendant police officer to have "used a Taser, once, to subdue an actively non-compliant suspect reasonably believed to be engaged in dangerous criminal activity and who posed a real and imminent threat to the safety of the officers and any bystanders." *Id.*

The undisputed facts in *MacLeod* bear no resemblance to the plaintiff's version of the facts in this case, and, for purposes of considering the motion for summary judgment, the Court must accept the nonmoving party's properly supported version of the facts. *See Sousa v. Roque*, 578 F.3d 164, 166 n.1 (2d Cir. 2009) (a district court ruling on a motion for summary judgment

"resolve[s] disputed facts in favor of the non-moving plaintiff where there [is] evidence to support his allegations"). Since "summary judgment on qualified immunity grounds is not appropriate when there are facts in dispute that are material to a determination of reasonableness," *Kerman*, 261 F.3d at 240, the defendants' motion for summary judgment is denied as to the defense of qualified immunity.

Because the Court finds that there are material facts genuinely in dispute pertaining to the claims against Onofrio and Doherty and that summary judgment on the basis of qualified immunity is inappropriate, the defendants' motion for summary judgment is denied as to the claims against Onofrio and Doherty.

B.  Claims Against the Town and Wydra

The Sixth Count of the Complaint raises claims of supervisory liability against the Town and its Chief of Police, Wydra. In moving for summary judgment as to these claims, the defendants argue that "there was no wrongdoing on the part of the individual Officers [i.e., Onofrio and Daugherty]," and "the Town of Hamden and Police Chief Thomas Wydra adequately supervised and trained the officers of the Hamden Police Department." (Doc. # 24-1, at 16). The defendants also note that "municipalities cannot be held liable for claims under § 1983 based on a respondeat superior theory," and that in order for municipal liability to attach under § 1983, "the plaintiff must still prove [that] the deficiency in the training actually caused the police officer's indifference resulting in the constitutional violation." (*Id.* at 15, 16).

Marzullo opposes the motion as to these claims by contending that there is a genuine dispute as to whether the defendant police officers used excessive force against him, and that the argument that the officers were adequately supervised and trained is based on the opinion of the

plaintiff's expert witness, which itself is based on a genuinely disputed material fact, i.e., "that since DOHERTY and ONOFRIO behaved properly throughout their interaction with the plaintiff, they *must* have been properly trained and supervised." (Doc. # 31, at 7).

As to both municipal liability and supervisory liability under § 1983, defendants "may not be held liable for the unconstitutional conduct of their [employees or] subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). With regard to supervisory liability, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*  With regard to municipal liability, "it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). As to both municipal and supervisory liability, a plaintiff must demonstrate a causal link between the wrongful conduct and the constitutional violation. *See Cash v. County of Erie,* 654 F.3d 324, 340-41 (2d Cir. 2011); *Poe v. Leonard*, 282 F.3d 123, 140 (2d Cir. 2002).

The Court has already found that there is a genuine dispute as to whether or not there was any wrongdoing on the part of the individual officers. Consequently, the defendants' argument that the absence of any wrongdoing by the individual officers resolves the claims against the Town and Wydra fails.

"Where, as here, the party opposing summary judgment bears the burden of proof at trial, summary judgment should be granted if the moving party can point to an absence of evidence to support an essential element of the nonmoving party's claim. The court draws all inferences in favor of the nonmoving party, but the opposing party must come forward with specific evidence

-10-

demonstrating the existence of a genuine dispute of material fact." *Gemmink v. Jay Peak, Inc.*, 807 F.3d 46, 48 (2d Cir. 2015) (internal quotation marks and citations omitted). The defendants have pointed out that proof that "the deficiency in the training actually caused the police officer's indifference resulting in the constitutional violation" is an essential element of Marzullo's claims against the Town and Wydra and argue that the plaintiff has not established this essential element of his case. (Doc. # 24-1, at 15-16).

In opposing the motion for summary judgment as to the Town and Wydra, Marzullo has not presented any evidence that would properly support a claim of supervisory or municipal liability. Instead, his opposition focuses on the actions of the individual police officer defendants. He correctly argues that there is a genuine factual dispute as to whether or not there was any wrongdoing on the part of the individual officers. As previously noted, however, supervisory or municipal liability under § 1983 cannot be based on a respondeat superior theory. In his memorandum in opposition to the motion for summary judgment, Marzullo also refers to "an expert opinion that contradicts the opinion of [the defendants' expert], to wit: the defendant police officers should not have used a Taser on the plaintiff given that he was suffering from a medical emergency." (Doc. # 31, at 8). This statement by counsel does not constitute "specific evidence demonstrating a genuine dispute," *Gannon v. UPS*, 529 F. App'x 102, 103 (2d Cir. 2013), and the plaintiff has not filed "the affidavit of a witness competent to testify as to the facts at trial and/or [] evidence that would be admissible at trial" as to this assertion. *See* L. Civ. R. 56(a)3. In any event, the statement that "the defendant police officers should not have used a Taser on the plaintiff" addresses the actions of the individual police officer defendants, but does not support a finding that any constitutional violation can be attributed to a policy or custom of

-11-

the Town (municipal liability) or to any unconstitutional conduct on the part of Wydra regarding his supervisory liability. Since Marzullo has failed to meet his burden of producing evidence to support an essential element of his claims against the Town and Wydra,  the defendants' motion for summary judgment is granted as to those claims.

### IV.  CONCLUSION

For the reasons stated above, the defendants' motion for summary judgment (**doc. # 24**), is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted as to all claims against the defendants Town of Hamden and Thomas Wydra. The motion is denied as to all claims against the defendants William Onofrio and Michael Doherty.

SO ORDERED this 10th  day of August,  2016.

_____/s/ DJS_____
                    Dominic J. Squatrito
                    United States District Judge